SUYDAM and JACKSON v. WESTFALL and others, 2 Denio, 205, 220.

In S. Ct. 4 Hill, 211.

*Bill of Exchange; Surety.*

THE plaintiffs in error brought *assumpsit,* in the court below against the partners of the firm of Norton, Bartle and M'Neil and the defendant Westfall, to recover the amount of a bill of exchange, drawn by them upon the plaintiffs, which the latter accepted, and paid at maturity. The bill was in these words:—

Phelps, July 1, 1839.

Messrs. Suydam, Sage, and Co.

Four months after date, please to pay to the order of C. A Cook, cashier, one thousand dollars for value received, and charge to the account of          Your obedient servants,

Norton, Bartle, and M'Neil.
Albert Westfall.

On the first trial, the circuit judge charged that the defendant Westfall was liable as a *drawer* of an accommodation bill to refund to the drawee, who had accepted it without funds. A verdict being found for the plaintiffs, on a bill of exceptions,

The Supreme Court granted a new trial, on the ground that the acceptance being made with the knowledge, that as Westfall, one of the drawers, signed merely as surety, he was not liable to the acceptors as drawer, whether the relations of drawers among themselves, appear upon the face of the bill or not.

A new trial being had, the judge charged the jury accord-

ing to the opinion of the Supreme Court, that if they should find that Westfall became a party to the bill, as the surety of Norton, Bartle and M'Neil, the other drawers, and had no interest in the bill, and no part of the proceeds went to his use, in that case the law implied no contract on his part to refund the amount to the plaintiffs, and that the jury in that event ought to find for the defendant. ˙ Exceptions. Verdict for defendant.

The Supreme Court adhering to their former decision; on writ of error,

The Court of Errors held, that although Westfall joined as a drawer in the bill as a *surety* only for the others who procured the bill to be discounted before acceptance for their own benefit; and the drawees, with knowledge of these facts, accepted and paid the bill without funds of any of the drawers in their hands, yet that they were entitled to recover the amount against *all the drawers*, in an action for money paid to their use.

Judgment of the Supreme Court *reversed* by 10 to 6.